IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BIO-SYNERGY ENVIRONMENTAL, LLC, | Civ. No. 1:21-cv-00822-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| MARTIN GARCIA and SALVADOR REYNOSO GARCIA for themselves and as d/b/a for TESCA TRUCKING, MOSHE A. PERETZ, for himself and d/b/a for INTERSTATE ROYAL TRUCKING COMPANY, and DOES 1-25, | |
| Defendants; | |
| MOSHE A. PERETZ, for himself and d/b/a INTERSTATE ROYAL TRUCKING COMPANY, | |
| Crossclaim Plaintiffs, | |
| v. | |
| MARTIN GARCIA and SALVADOR REYNOSO GARCIA, for themselves and as d/b/a TESCA TRUCKING, | |
| Crossclaim Defendants. | |

AIKEN, District Judge:

Plaintiff Bio-Synergy Environmental ("Plaintiff"), moves pursuant to Rule 55(b) for Entry of Default Judgment on Plaintiff's First Amended Complaint, ECF No. 22, ("FAC") against Martin Garcia and Salvador Reynoso Garcia, individually,

1 - OPINION AND ORDER

and as Tesca Trucking (collectively "Defendants") on the basis that Defendants have not filed any responsive pleading, or otherwise appeared to defend the action.

## BACKGROUND

This lawsuit arises out of a January 16, 2021, motor vehicle accident in Chemult, Oregon. The accident involved several vehicles, including semitrailers operated by Defendants and Interstate Royal Trucking.[1] As a result of the accident, Defendants' semi-trailer spilled paint and other hazardous materials on Highway 97.

Plaintiff is an environmental cleanup company. The Oregon Department of Transportation requested Plaintiff's response to the accident scene to perform cleanup and remediation services for the spill. Plaintiff sued Defendants for recovery of environmental cleanup costs under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C § 9607 and under ORS 465.255, and its regulation at OAR 340-122-0010 to 0140 (the "Oregon Cleanup Law").

Plaintiff filed the Complaint against Defendants and Interstate Royal on May 27, 2021. ECF No. 1. Plaintiff served Defendants with the summons and copy of the Complaint on June 9, 2021. ECF Nos. 6, 7. Plaintiff filed Affidavits of Service on July 8, 2021. *Id*. Plaintiff filed its FAC on December 13, 2021. ECF No. 22. Defendants and their insurance carrier, Qualitas Insurance, were served with the

---

[1] Plaintiff and Interstate Royal Trucking entered into settlement negotiations. The Court granted the resulting Joint Motion for Approval of Good Faith Settlement Barring Any Future Contribution Claims Against Defendant Interstate Royal Trucking. ECF No. 40.

2 - OPINION AND ORDER

Amended Complaint via United States Postal Service and email on December 13, 2021. Defendants have not filed a responsive pleading, or otherwise appeared to defend the underlying Amended Complaint.

Plaintiff moved for Entry of Default, ECF No. 32, against Defendants under Rule 55(a). The Court granted the motion and the clerk entered default on March 31, 2022. ECF Nos. 33, 34.

Now, Plaintiff moves the Court for Default Judgment against Defendants under Rule 55(b). ECF No. 41. Plaintiff argues that it is entitled to a Default Judgment against Defendants on the basis that Defendants failed to file a responsive pleading within 21 days. In addition, Defendants have never appeared, or provided written notice of an intent to file an appearance. Further, at the time of this opinion, it has been over six months since Defendants or their insurance carriers were served with the Request for Entry of Default.

Plaintiff maintains that it meets the procedural requirements for a Default Judgment against Defendants, based on the record in this case and as demonstrated by the supporting declaration accompanying this motion.

## LEGAL STANDARD

Upon entry of default, all well-pleaded factual allegations of the complaint are taken as true, except those allegations relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d

3 - OPINION AND ORDER

606, 617 (9th Cir. 2016) (same).

Under Rule 55(b)(1), the district court clerk is authorized to enter a default judgment if the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation … against a defendant who has been defaulted for not appearing." A sum is certain when "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928 (9th Cir. 2004). Under Rule 55(b)(2), the district court has discretion as to whether to enter a default judgment. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "[D]efault judgments are ordinarily disfavored." *Id.* at 1472.

## DISCUSSION

According to the Declaration by Plaintiff's counsel and the attached exhibits, Plaintiff seeks judgment in the amount in the amount of $215,369.58, which was the amount prayed for in Plaintiff's Complaint and FAC, and an additional $21,536.95, representing ten percent interest for the outstanding balance due Plaintiff since January 6, 2021. The interest for the outstanding balance was agreed to by contract between Plaintiff and Tesca Trucking, which Defendant Salvador Reynoso Garcia

electronically executed. Plaintiff also requests $59,600.00 in attorney fees, and $725.00 of costs related to filing and service.

## I. Service

As a preliminary matter, the Court finds that service of the Complaint and Summons on Defendants was proper under Rule 4(e)(2)(B), where on July 8, 2021, the process server by affidavit declared to have served a resident at Defendants' "dwelling or usual place of abode." *See* ECF Nos. 6, 7. Further, the Court notes that Defendant Martin Garcia and Salvador Reynoso Garcia each personally accepted service and summons of the crossclaim in this case on December 2, 2021. ECF Nos. 17, 18. Finally, service upon the Garcias' businesses is proper under Rule 4(h).

## II. Default Judgment

The Court analyzes the *Eitel* factors to determine whether to grant the motion for a default judgment. The first *Eitel* factor—whether Plaintiff will be prejudiced in the absence of default judgment—favors Plaintiff. Based on the record, it appears Defendants have not appeared in over one year after being served the summons and Complaint and having actual notice of the action via personally accepting service. Plaintiff has prosecuted the case and responded to the Court's various orders in a timely matter. Denying Plaintiff's default judgment would prejudice it under these circumstances, where Plaintiff has not received the agreed payment for services it rendered almost two years ago. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (finding that "prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment).

5 - OPINION AND ORDER

The Court analyzes merits of Plaintiff's claim and the sufficiency of the Complaint—the second and third *Eitel* factor—together. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). To prevail, the plaintiff's complaint must sufficiently state a claim based on plausible facts, not just general allegations. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The plaintiff must demonstrate that it is entitled to recovery for environmental cleanup costs under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C §9607 and under ORS 465.255, and its regulation at OAR 340-122-0010 to 0140 (the "Oregon Cleanup Law").

Plaintiff alleges that Defendants spilled hazardous substances on the highway and "caused Plaintiff to incur response fees/costs, as defined by Sections 101 (25) and 107(a) of CERCLA, 42 U.S.C. §§9601(25) and 9607(a), in connection with the [cleanup site]." FAC at 11. Plaintiff also contends that it is entitled to recover under ORS 465.200-465.545 for the same. FAC at 12. Further, that, "[a]s of January 16, 2021, to date, Plaintiff has incurred fees and costs in excess of $215,369.58, in connection with response actions at the [cleanup site], which are not inconsistent with the National Contingency Plant, 40 C.F.R. Part 300." Under Section 107(a) of CERCLA, 42 U.S.C. §9607(a), and ORS 465.200-465.545, Plaintiff alleges that Defendants are liable to Plaintiff for those fees and costs incurred in connection with response action at the cleanup site. *Id*. Plaintiff maintain that allowable costs include reasonable attorneys' fees.

Following careful review of Plaintiff's Complaint; FAC; exhibits; declarations;

6 - OPINION AND ORDER

Sections 101 (25) and 107(a) of CERCLA, 42 U.S.C. §§9601(25) and 9607(a); and ORS 465.200-465.545, the Court finds that Plaintiff has produced "plausible facts" that Defendants spilled hazardous material and that Plaintiff responded to the cleanup and is entitled to recover under the statutes alleged. The substantive merits of Plaintiff's claim and the sufficiency of the Complaint and FAC support a default judgment.

Next the Court considers the sum of money at stake compared to the seriousness of Defendant's conduct. Plaintiff alleges that the hazardous spill contaminated an area spanning over 300 feet long and 50 feet wide. FAC at 8. Plaintiff proffers as evidence a contract with Defendants for the cost of environmental cleanup pursuant to both Oregon and Federal law. FAC at 9. Plaintiff forwarded an invoice for services related to the cleanup to Defendants, and Defendants forwarded the invoice to their insurance carrier, who refused to provide coverage. *Id*. Since that denial, Defendants have failed to reimburse Plaintiff for the cleanup pursuant to CERCLA and ORS 465.255. The amount Plaintiff seeks is reasonable based on the actual cost to clean the site.

Accordingly, the Court finds that, based on this record, Plaintiff is entitled to recover $215,369.58 for the principal balance owed to Plaintiff, plus ten percent interest in the amount of $21,536.95 according to the contract between Plaintiff and Defendants.

The remaining factors are neutral or support a default judgment. Defendants have been properly served at each juncture of the case and have failed to appear. *See*

7 - OPINION AND ORDER

*Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect in a default judgment analysis when a defendant is "properly served with the Complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion."). Plaintiff has supported its claim with evidence and Defendants have not attempted to challenge the accuracy of the allegations in the complaint. *See Microsoft Corp., No*. C08-1743-JCC, 2009 WL 959219, at *3 (finding a defendant's failure to oppose the motion or answer the complaint "prevents adjudication on the merits").

Plaintiff requests $59,600.00 in attorney fees, and $725.00 of costs related to filing and service. Plaintiff may submit a properly supported motion for attorney fees and costs, demonstrating the reasonableness of and entitlement to the requested fees.

## CONCLUSION

Plaintiff's Motion for Default Judgment, ECF No. 41, is GRANTED with respect to $215,369.58, representing the balance Defendants owe, plus ten percent interest in the amount of $21,536.95. Plaintiff shall have fourteen days from entry of this Order to submit a motion demonstrating entitlement to the requested $59,600.00 in attorney fees and $725.00 in costs. Judgment in accordance with this Opinion and Order shall follow.

Dated the 18th day of October, 2022.

/s/Ann Aiken
Ann Aiken
United States District Judge