IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

|  |  |
|---|---|
| **BIO-SYNERGY ENVIRONMENTAL, LLC,** | Civ. No. 1:21-cv-00822-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. |  |
| **REYNOSO GARCIA, et al,** |  |
| Defendants. |  |

_____

AIKEN, District Judge:

Plaintiff Bio-Synergy Environmental ("Plaintiff"), moves pursuant to Fed. R. Civ. P. 54(d)(1)(2) for attorney's fees and costs against Martin Garcia and Salvador Reynoso Garcia, for themselves, and as d/b/a Tesca Trucking (collectively "Defendants"). ECF No. 45. For the reasons explained, Plaintiff's motion is GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

This lawsuit arises out of a January 16, 2021 motor vehicle accident in Chemult, Oregon. The accident involved several vehicles, including semi-trailers operated by Defendants and Interstate Royal. As a result of the accident, the semitrailer operated by Defendants spilled the contents of its trailer–paint, solvents

Page 1 – OPINION AND ORDER

and other hazardous materials—on and around Highway 97.    Plaintiff is an environmental cleanup company called by the Oregon Department of Transportation to respond to the accident scene and perform cleanup and environmental remediation services.  Plaintiff sued Defendants for recovery of environmental cleanup costs under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C § 9607 and under ORS 465.255, and its regulation at OAR 340-122-0010 to 0140 (the "Oregon Cleanup Law").  There is no dispute that Plaintiff performed the environmental remediation services and that Plaintiff is entitled to compensation under CERCLA and the Oregon Cleanup Law for those services.

On October 18, 2022, this Court entered a default judgment in the amount of x—the cost of cleanup plus interest—against Defendants, who failed to appear in this case.  The Court ordered Plaintiff to submit a motion and legal analysis supporting its motion for attorney's fees.  *See* ECF Nos. 43 and 44.  Now before the Court is Plaintiff's motion.

## LEGAL STANDARDS

### I.    Reasonable Attorney Fee

Attorney's fees generally are not a recoverable cost of litigation "absent explicit congressional authorization."  *Runyon v. McCrary*, 427 U.S. 160, 185 (1976) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). Recognition of the availability of attorney's fees therefore requires a determination that "Congress intended to set aside this longstanding American rule of law." *Runyon*, 427 U.S. at 185–186.

When attorney's fees are authorized, the plaintiff bears the burden of establishing that their requested fees are reasonable. *Gates v. Gomez*, 60 F.3d 525, 534 (9th Cir. 1995). The plaintiff must show that the number of hours claimed on their fee petition were "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc*., 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [ ] claims.").

In determining the reasonableness of attorney's fees, the court must employ a lodestar calculation and decide how many hours were reasonably expended, then multiply those hours by the prevailing local rate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In evaluating the reasonableness of the fee award, the court should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3, *superseded by statute on other grounds*, Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## DISCUSSION

Plaintiff asserts that it is entitled to $66,254.00 as a reasonable attorney fee award plus $725.00 in costs.  Plaintiff further maintains that it is entitled to a "prevailing party" fee of $5,345.00 under ORS 20.190 "if" that statute applies in federal court. Plf.'s Fee Mot. at 14.  Plaintiff's attorney took the case on a contingency fee and does not seek a multiplier—only the straight billing rate of $500 per hour as an attorney fee for 127.9 hours of work and for a paralegal rate of $120 per hour for 19.2 hours of work.  Plaintiff's fee request of $66,254.00 includes $63,950.00 in attorney fees and $2,304.00 in paralegal fees.  Plaintiff asserts that the requested attorney's fees are reasonable and provides a discussion of the "lodestar" method and synonymous factors under ORS 20.075.

## I.     Statutory Entitlement to Fees

Plaintiff does not point to any authority that entitles it to recover attorney fees. Plaintiff references ORS 20.190, which provides a prevailing party fee in Oregon's circuit courts.  Plaintiff is not sure whether it applies in federal court and provides no analysis.  The Court does not find that any indication from the text of the statute that it applies here.  Plaintiff also cites ORS 20.075, which sets forth factors a court considers when awarding fees.  However, ORS 20.075 requires a court to consider those factors "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees."

The laws under which Plaintiff brought this action also do not appear to authorize an award of attorney's fees.  The Supreme Court has held "that CERCLA § 107 does not provide for the award of private litigants' attorney's fees associated with

bringing a cost recovery action." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). Plaintiff does not provide an argument or authority to the contrary. Further, neither ORS 465.255 nor its regulation at OAR 340-122-0010 to 0140 provide for an award of attorney fees. Accordingly, Plaintiff has not met its burden to show that it is statutorily entitled to the fees it requests.

## II.    Contractual Entitlement to Fees

Plaintiff asserts that Defendants agreed, by signing Plaintiff's invoice for clean-up, to pay any attorney fees Plaintiff incurred in enforcing the invoice. The invoice includes an attorney fee provision, which states:

> "In the event [Plaintiff] incurs attorney['s] fees or costs to collect any and all sums due for the services rendered to enforce this document or any provision herein, [Defendants are] obligated for such attorney['s] fees and costs."

Plf.'s Fee Mot. at 8, ECF No. 45.

There is not any dispute that Defendants signed the contract at the time Plaintiff rendered the clean-up services. Plaintiff did not provide as evidence the signed invoice, but did submit a copy of the invoice, and a photograph of Defendant Salvador Reynoso Garcia signing the invoice at the scene of the accident. Ex. A, ECF No. 41-1 at 2; Ex. B, ECF No. 45-3. Additionally, that Plaintiff rendered the services is further indication that Defendants agreed to the invoice. Plaintiff did not supply legal authority or develop an argument for its assertion that it is contractually entitled to attorney fees under the text of the invoice. Nevertheless, the Court understands Plaintiff's argument as such.

Page 5 – OPINION AND ORDER

The Ninth Circuit has awarded attorney fees when a contract provides for them and where the party requesting fees is the prevailing party. *Worthington v. Lick*, 783 F.2d 1369, 1370 (9th Cir. 1986).  Oregon law construes attorney fees provisions narrowly and considers the historical antipathy of the courts toward awarding attorney fees.  To be included in a contract, the attorney fee provision must have explicit language that "specifically authorizes" the award.  *In re Lyon*, 644 B.R. 211, 219 (Bankr. D. Or. 2022).  The Oregon Supreme Court has said that in contract interpretation, "the court's first inquiry is what the words of the contract say, not what the parties say about it." *Eagle Industries, Inc. v. Thompson*, 321 Or. 398, 405 (1995) (dispute over fee provision); *see also Oregon v. Heisser*, 350 Or. 12, 25 (2011) (court construes contract as a matter of law).

Here, the words of the contract state that Plaintiff is entitled to attorney fees and costs "to collect any and all sums due for the services rendered" shown in the invoice.  The invoice sets out the "services rendered" as itemized expenses, the same expenses for which Plaintiff brought this suit under federal and state law to "collect" for the specialized environmental clean-up it performed.  Thus, the attorney fees Plaintiff incurred are "specifically authorized" by the text in the invoice, because the attorney fees directly resulted from Plaintiff's lawyers pursuing recovery for the cost of clean-up—that is, to "collect any and all sums" for the "services" Plaintiff "rendered."

The Court finds that the prevailing party fee of $5,345.00 under ORS 20.190. is not contemplated by the text of the contract between Plaintiff and Defendants, because the prevailing party fee is not a fee Plaintiff "incurred" in "collecting" "sums

due for service." Accordingly, the contract does not "specifically authorize" that fee and the Court declines to award it.

## III.    Reasonableness of the Fee Award

Reasonable attorney's fees are not assumed or sum certain in default judgment cases but must be shown as usual using the lodestar method. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018) "([T]he court is obliged to calculate a 'reasonable' fee in the usual manner," i.e., the lodestar method). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Similarly, the fee applicant has the burden of proving that the requested hourly rate is reasonable. *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

Plaintiff's counsel has submitted to the Court billing statements and the Court has thoroughly reviewed. The Court analyzed counsel's billing statement in light of the factors enumerated in *Hensley*, cited above.

The billing statements demonstrate that Plaintiff's counsel efficiently litigated this action and successfully obtained an order of default. Moreover, the $500 hourly rate charged by counsel is slightly higher, but near the average rate for attorneys practicing in the District of Oregon, where this case was filed. *See* OREGON STATE BAR, 2017 ECONOMIC SURVEY 39 at 35-39 (2017), https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf (last visited July 7, 2023). The paralegal rate of $120.00 is also reasonable, as it is below the median rate for a first-year paralegal. *See Poticny v. Movers & Packers*

Page 7 – OPINION AND ORDER

*Relocation Specialists LLC*, No. 3:22-CV-01243-IM, 2022 WL 18024218, at *9 (D. Or. Dec. 30, 2022) (discussing paralegal billing rates).

This matter required specific legal knowledge involving the intersection of both environmental law and insurance coverage. Such issues took meticulous preparation of the pleadings and other documents, in order to arrange the case in a way to obtain a judgment enforceable against the carrier. Counsel took great care in preparing a motion for good faith settlement in the resolution with the other party.

Also, taking a contingency involves a higher degree of risk on the attorney's part. "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *In re Wash. Pub. Power Supply Sys. Secs. Litig.*, 19 F3d. 1291, 1299 (1994). In fact, the model rules of professional conduct and the 9th Circuit recognize that "[c]ontingent fees that may far exceed the market value of the services rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose." *Id.* citing Model Rules of Professional Conduct Rule 1.5(a)(8), *see also* Oregon Rules of Professional Conduct 1.5(b)(8).

## IV.    Costs

The Court finds Plaintiff's costs are recoverable—the cost of docketing and for service. 28 U.S.C § 1920.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion for Attorney Fees and Costs, ECF No. 45, is GRANTED in part for billed attorney fees and costs and otherwise DENIED in accordance with this Opinion and Order.

IT IS SO ORDERED.

Dated this  7th  day of July 2023.


        /s/Ann Aiken

Ann Aiken
United States District Judge